**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 9, 2009

**Charles R. Fulbruge III**
Clerk

No. 07-11001

LAUREN BRAY,

Plaintiff-Appellee-Cross Appellant

v.

FORT DEARBORN LIFE INSURANCE COMPANY

Defendant-Appellant-Cross-Appellee

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 3:06-cv-00560

Before KING, DENNIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

The opinion in this case filed on February 17, 2009, is withdrawn and the following opinion is substituted therefor.

Plaintiff-Appellee-Cross Appellant Lauren Bray brought this suit against Defendant-Appellant-Cross Appellee Ford Dearborn Insurance Company pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001–1461. Bray initially received disability benefits under an ERISA plan with Fort Dearborn because she was no longer able to perform her own occupation

---

[*] Pursuant to Fifth Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Fifth Circuit Rule 47.5.4.

(hereinafter "own occupation" benefits). Fort Dearborn terminated those benefits. Fort Dearborn did not consider granting other benefits under the plan available to Bray if she had been unable to perform any other occupation after 24 months of receiving "own occupation" benefits (hereinafter "any other occupation" benefits). Bray sought to recover the "own occupation" benefits she was denied, which cover a period of seven months, and the "any other occupation" benefits for which she claims she was eligible.

Following a bench trial, the district court found that Fort Dearborn's decision to terminate Bray's "own occupation" benefits was an abuse of discretion. The court remanded the "any other occupation" benefits issue to the plan administrator to determine in the first instance. Here, Fort Dearborn appeals the award of "own occupation" damages. Bray cross-appeals the decision to remand the question of "any other occupation" benefits to the plan administrator.

The parties are familiar with the facts of this long-term disability ERISA case. After considering the district court's opinion, the briefing, and oral arguments, we affirm. The district court did not err in finding that Fort Dearborn's decision to terminate Bray's "own occupation" benefits was an abuse of discretion.

It is uncontested here that the plan administrator has a conflict of interest. As such, its determination receives less deference. *See Vega v. Nat'l Life Ins. Servs., Inc.*, 188 F.3d 287, 299 (5th Cir. 1999) ("In such cases, we are less likely to make forgiving inferences when confronted with a record that arguably does not support the administrator's decision."). Contrary to Fort Dearborn's arguments on appeal, the opinions of its consulting physicians are not "substantial evidence" supporting the denial of benefits because they were based only on a surveillance video depicting activity not comparable to Bray's work duties and an alleged lack of objective medical evidence supporting her

complaints of pain. As the district court found in its thorough opinion, the surveillance video was inconclusive, generally consistent with Bray's claimed limitations, and did not adequately address her ability to perform the duties of her own occupation. *See Lain v. UNUM Life Ins. Co. of Am.*, 279 F.3d 337, 346–47 (5th Cir. 2002) (plan administrator "unfairly equate[d]" the plaintiff's known abilities with the more strenuous duties of her occupation, reflecting "plain lack of objectivity" and an abuse of discretion). Moreover, evidence from Bray's treating physicians established the existence of an objective condition that could cause the pain of which Bray complained.

Finally, the district court did not err in remanding Bray's "any other occupation" claim to the plan administrator for an initial determination of her entitlement to benefits. *See Schadler v. Anthem Life Ins. Co.*, 147 F.3d 388, 395–99 (5th Cir. 1998).

Accordingly, the judgment of the district court is AFFIRMED. Bray's request for attorney's fees incurred in connection with this appeal is granted. We REMAND the case to the district court for the limited purpose of determining the amount of those fees and any related expenses and entering an appropriate order.

Judgment AFFIRMED. Case REMANDED with instructions.